UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MIIA C. D'AGOSTINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO.  12-11628-DJC |
| FEDERAL INSURANCE | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANT'S MOTION TO STAY

June 17, 2013

DEIN, U.S.M.J.

### I. INTRODUCTION

This matter is before the court on "Defendant Federal Insurance Company's Motion to Stay Litigation Pending Completion of Appraisal Proceedings" (Docket No. 18).  After consideration of the parties' written submissions and their oral arguments, the defendant's motion to stay is hereby DENIED.

By its motion, defendant Federal Insurance Company ("Federal") is seeking a stay of the litigation so that it can invoke the appraisal clause of the insurance policy at issue in this case.  That clause provides as follows:

> If you [the insured] and we [Federal] do not agree on the amount of the loss or damage, either party may make a written demand for an appraisal of the loss or damage.  In this event, you will select and pay a competent and impartial appraiser, and we will select and pay a competent and impartial appraiser.  The two appraisers will select

>an umpire.  If the appraisers cannot agree on an umpire, either may request that a judge of a court having jurisdiction make the selection. Each appraiser will separately state the value of the property and the amount of the loss or damage.  If the appraisers do not agree, they will submit their statements to the umpire.  Agreement by the umpire and either of the appraisers will be binding on you [the insured] and us [Federal].
>
>You and we will equally share any other appraisal costs and the costs of the umpire.
>
>If there is an appraisal, we will still retain our right to deny the claim.

(Def. Mot. at Ex. A).  Federal contends that completion of this process will enable the parties to determine the amount of additional compensation to which the plaintiff is entitled under the insurance policy, and will therefore resolve one of the central disputes at issue in the case.  It further argues that a stay for purposes of completing an appraisal would serve the interests of justice and judicial economy by narrowing the issues, encouraging the parties to resume settlement discussions, and possibly facilitating the resolution of the case.  The plaintiff strenuously disagrees, and urges the court to deny the motion.

## II.  ANALYSIS

A court's authority to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants."  Bank of Am., N.A. v. WRT Realty, L.P., 769 F. Supp. 2d 36, 39 (D. Mass. 2011) (quoting Landis v. North Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).  Thus, the decision "whether to stay

proceedings involves balancing the interests of the parties and the Court.  A stay is appropriate where it is 'likely to conserve judicial and party time, resources, and energy.'"  Id. (quoting Diomed, Inc. v. Total Vein Solutions, LLC, 498 F. Supp. 2d 385, 387 (D. Mass. 2007)) (internal citation omitted).

This court finds that a stay would not be appropriate in the instant case.  As an initial matter, Federal has not pointed to any language in the policy which suggests that the completion of an appraisal is a pre-requisite to filing suit.  Nor is there any language supporting the stay of an ongoing litigation.  Accordingly, this court concludes that no stay is mandated by the terms of the parties' contract.

This court also finds that a stay in this case would not serve the interests of justice or judicial economy.  As indicated in the plaintiff's opposition to Federal's motion, the plaintiff is prepared to challenge the scope of any appraisal and the standards by which it would be performed.  Consequently, the appraisal proceedings would be likely to delay rather than facilitate a resolution of the litigation.  Furthermore, the plaintiff's claims against Federal are not limited to claims for breach of the insurance policy, but also include claims for unfair and deceptive acts or practices.  Therefore, even if the appraisal proceedings could resolve the parties' dispute over the amount of loss or damage, a stay would unfairly hinder discovery on the plaintiff's remaining claims against Federal.

Finally, this court finds that a stay of the litigation would unnecessarily complicate the case and unfairly prejudice the plaintiff.  After Federal filed its motion, the plaintiff amended her complaint in order to allege additional facts against Federal and to assert

3

claims against Bank of America.  Among the allegations contained in the amended complaint are allegations that Federal and the Bank acted in concert to deprive the plaintiff of the proceeds of the insurance policy, and allegations that Federal aided and abetted the Bank in breaching its fiduciary duties to the plaintiff.  To the extent this court were to stay proceedings against Federal, it would likely disrupt the plaintiff's ability to develop all of the facts relating to the Bank's relationship with the insurer, and could potentially result in the need for duplicative discovery once the stay is lifted.  For all these reasons, Federal's motion to stay the litigation for purposes of completing appraisal proceedings is DENIED.

    / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge